IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DARWIN JAMES FITCH, | ) |
| | ) |
| | )   2:24-CV-01031-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VALOR HEALTHCARE, UNITED STATES OF AMERICA, SHEELA DWIVEDI, M.D.; TATUM TARIN, M.D.; AND UNIVERSITY OF PITTSBURGH PHYSICIANS, | )<br>) |
| | |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Darwin James Fitch, brings the within negligence actions against Defendants, Valor Healthcare, United States of America, Sheela Dwivedi, M.D., Tatum Tarin, M.D., and University of Pittsburgh Physicians, for an alleged failure to diagnose and treat Mr. Fitch's prostate cancer. (ECF No. 1).

Mr. Fitch brings the action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 with jurisdiction founded upon 28 U.S.C. § 1346(b)(1). *Id*. at ¶ 11. The United States moves for dismissal, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of this Court's subject matter jurisdiction (ECF No. 30).   The matter is now ripe for decision.

Upon consideration of the United States's motion (ECF No. 30), the respective briefs and responses (ECF Nos. 31, 34-37), and for the following reasons, the United States's Motion to Dismiss will be granted.

I.      Relevant Background

Mr. Fitch alleges that Defendants failed to diagnose and treat his prostate cancer, and that said failure resulted in his cancer metastasizing. (ECF No. 1 at ¶ 1). Mr. Fitch avers that the United States of America, through the Department of Veterans Affairs, and Valor Healthcare owned and/or operated the Westmoreland County VA Clinic. *Id*. at ¶¶ 4-5.

Mr. Fitch further alleges that Dr. Dwivedi was an employee, agent, and/or ostensible agent of the United States of America and Valor Healthcare. *Id*. at ¶ 7. The Complaint also avers that Dr. Tarin was an employee, agent, and/or ostensible agent of the United States of America, Valor Healthcare, and/or University of Pittsburgh Physicians. *Id*. at ¶ 8.

As a result of the Defendants' alleged failures to diagnose and treat, Mr. Fitch filed an administrative claim against the United States Department of Veteran Affairs. *Id*. at ¶ 14. In response, the VA denied Mr. Fitch's administrative claim, because "there was no negligent or wrongful act on the part of an employee of the [VA], acting within the scope of his or her employment that caused [Plaintiff] compensable harm." (ECF No. 1-2 at p. 1). Further, the VA explained:

> The FTCA covers the acts of Government employees, not contractors. University of Pittsburgh Physicians, the employer of Dr. Tatum Tarin, and Valor Healthcare, the employer of [Dr.] Dwivedi, were contracted to provide medical services for VA. The FTCA does not provide any authority to pay for claims for negligence attributable to University of Pittsburgh Physicians, Valor Healthcare or their employees.

*Id*.

The United States now moves to dismiss Mr. Fitch's claims against it, based upon the same reasons for the administrative denial, namely that no government employees caused Mr. Fitch compensable harm.

2

II.     Relevant Standard

A Rule 12(b)(1) motion "challenges a court's subject matter jurisdiction over the plaintiff's claims," and "very power to hear the case." *McCluskey v. United States*, No. 10-694, 2010 WL 4024717, at *3 (W.D. Pa. Oct. 12, 2010) (citations and quotations omitted). Such attacks can be either facial or factual; in the latter instance, "the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself the jurisdictional issues raised in the motion to dismiss." *Id*. When presented with a factual attack, the court "must weigh the evidence relating to jurisdiction," and may "consider affidavits, documents, and even limited evidentiary hearings to make the jurisdictional determination." *Id*. (citing *Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). Because this Motion raises jurisdictional issues, the Court may properly consider outside materials. See, e.g., *Dalessio v. U.S. Dep't of Hous. & Urban Dev.*, 528 F. Supp. 3d 341, 345-46 (E.D. Pa. 2021).

III.    Discussion

A.  **Independent Contractor Exception**

The United States contends that independent contractor exception to the FTCA grants the United States immunity and bars Mr. Fitch's medical negligence claims against it. Namely, the United States maintains that Mr. Fitch's treating physicians, Dr. Tarin and Dr. Dwivedi, were not employees of the United States.

Mr. Fitch argues that, whether Dr. Tarin and Dr. Dwivedi are independent contractors or employees, is central to the issue of the United States's immunity in this case. However, Mr. Fitch argues that said issue requires further factual development as to whether the United States controlled Dr. Tarin and Dr. Dwivedi's day-to-day operations.

3

In response, the United States asserts that courts "routinely hold" that contracts, detailing the terms of defendants' employment at the time of the incident, sufficiently support the independent contractor exception to immunity on a Rule 12(b)(1) motion.

The FTCA waives sovereign immunity for claims against the United States, seeking monetary damages, where the injury results from a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1). A plaintiff must meet the criteria of § 1346(b)(1) before a district court may exercise jurisdiction.

Specifically, § 1346(b)(1) lists six threshold requirements that a plaintiff's claim must satisfy to confer jurisdiction. A claim must be made:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA does not authorize suits against the United States that are based upon the acts of independent contractors or their employees. *See* 28 U.S.C. § 2671 ("the term 'Federal agency' ... does not include any contractor with the United States."); *see also Smith v. Steffens*, 429 F. Supp. 2d 719, 721 (E.D. Pa. 2006) (The FTCA only applies to acts of federal employees, and it excludes liability for the acts of independent government contractors.).

The question, of whether someone is an independent contractor or an agent/employee of the United States, is one of federal law. *Balkonis v. United States*, 2002 U.S. Dist. LEXIS 16257 at *6 (E.D. Pa. Aug. 14, 2002). The critical factor used to distinguish a federal agency employee

from an independent contractor is whether the Government has the power "to control the detailed physical performance of the contractor." *Norman v. United States*, 111 F.3d 356, 357-358 (3d Cir. 1997) (holding that United States could not be held liable for a contractor who had "broad responsibilities for daily maintenance" under the independent contractor exception). "The question here is not whether the [contractor] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *United States v. Orleans*, 425 U.S. 807, 814 (1976) (citing *Logue v. United States*, 412 U.S. 521, 528 (1973)). "[C]ourts have looked to the contract between the United States and the contractor to determine whether the United States exercised day-to-day supervision over the work of the contractor." *Dugan v. Coastal Indus., Inc.*, 96 F.Supp.2d 481, 483 (E.D. Pa. 2000).

Here, the Government entered into contracts with Valor Healthcare and University of Pittsburgh Physicians ("Contractor(s)"). Under said contracts, Drs. Dwivedi and Tarin are identified as contract physicians. Said contracts provide, in relevant part as follows:

> 2.7. <u>No Employee status</u>: The Contractor shall be responsible for protecting Contract physician(s) furnishing services. To carry out this responsibility, the Contractor shall provide or certify that the following is provided for all their staff providing services under the resultant contract:
>
> 2.7.1. Workers' compensation
> 2.7.2. Professional liability insurance
> 2.7.3. Health examinations
> 2.7.4. Income tax withholding, and
> 2.7.5. Social security payments.
>
> 2.8. <u>Tort Liability</u>: The Federal Tort Claims Act does not cover Contractor or contract physician(s). When a Contractor or contract physician(s) has been identified as a provider in a tort claim, the Contractor shall be responsible for notifying their legal counsel and/or insurance carrier. Any settlement or judgment arising from a Contractor's (or contract physician(s)) action or non-action shall be the responsibility of the Contractor and/or insurance carrier

\*\*\*

C.14 VAAR 852.237-70 INDEMNIFICATION AND MEDICAL LIABILITY INSURANCE

(a) It is expressly agreed and understood that this is a non-personal services contract, as defined in Federal Acquisition Regulation (FAR) 37.101, under which the professional services rendered by the Contractor or its health-care providers are rendered in its capacity as an independent contractor. The Government may evaluate the quality of professional and administrative services provided but retains no control over professional aspects of the services rendered, including by example, the Contractor's or its health-care providers' professional medical judgment, diagnosis, or specific medical treatments. The Contractor and its health-care providers shall be liable for their liability-producing acts or omissions.

(ECF No. 31-2 at pp. 21, 62; 31-3 at pp. 39, 74-75).

The above-referenced language establishes that the United States did not control the day-to-day operations of Dr. Dwivedi and Dr. Tarin's professional services, which Mr. Fitch alleges were negligently performed. While Mr. Fitch maintains that the Court should grant jurisdictional discovery on the issue of day-to-day control, he offers nothing beyond speculative scenarios that are insufficient to overcome the contract language. Without such evidence to the contrary, Drs. Dwivedi and Tarin fall squarely within the independent contractor exception under the FTCA. Therefore, the alleged negligence of Drs. Dwivedi and Tarin cannot serve as a basis for subject matter jurisdiction against the United States, because the FTCA only waives sovereign immunity as to employees.

**B. Corporate Negligence/Other Providers**

The United States next argues that, to the extent Count I includes any separate corporate negligence claim, the FTCA provides no sovereign immunity waiver for corporate negligence claims against the United States.

Mr. Fitch denies that it has made a corporate negligence claim. Instead, he asserts the Complaint alleges direct negligence against the medical and nursing staff of the Westmoreland County VA Clinic.

In response, the United States contends that Mr. Fitch's Complaint does not identify any specific Westmoreland County VA Clinic medical or nursing staff members or their role in Mr. Fitch's care.  Further, the United States argues that Mr. Fitch must also show that any unnamed medical or nursing staff member was a government employee in order to bring a claim against the United States under the FTCA.

Here, Mr. Fitch's Complaint insufficiently alleges factual support for any direct negligence claim against unidentified Westmoreland County VA Clinic's medical or nursing staff. Moreover, Mr. Fitch's Complaint insufficiently alleges plausible factual support that the unidentified Westmoreland County VA Clinic's medical or nursing staff are employees of the United States.  Without such factual averments, Mr. Fitch does not allege a claim against the United States under the FTCA.

Accordingly, the United States's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), will be granted.  However, unlike the arguments relative to Drs. Dwivedi and Tarin, the Court does not have any competent evidence at this stage to determine whether Mr. Fitch can plausibly allege a direct negligence claim against the United States through the Westmoreland County VA Clinic's medical or nursing staff.  Therefore, Mr. Fitch will be granted leave to amend to the extent he can plausibly plead facts to support an employment relationship with the

Westmoreland County VA Clinic's medical or nursing staff and allege sufficient facts to support a claim against said staff members.[1]

ORDER

Upon consideration of the United States's Motion to Dismiss (ECF No. 30), the respective briefs and responses (ECF Nos. 31, 34-37), and for the foregoing reasons, the United States's Motion to Dismiss is granted.

Mr. Fitch is granted leave to amend his claim against the United States to the extent he can plausibly establish any employment relationship between the Westmoreland County VA Clinic, and the medical or nursing staff and sufficiently plead facts to set forth a negligence claim related to Mr. Fitch's diagnosis and treatment. Mr. Fitch is also granted leave to amend to the extent he has a factual basis to plead any independent basis to establish subject matter jurisdiction.

Any amendment shall be filed on or before March 17, 2025. Upon amendment, should the United States remain a party, any response to the Amended Complaint shall be filed on or before March 31, 2025. Should no amendment be filed against the United States, an appropriate order will be issued.

DATED this 3rd day of March, 2025.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

---

[1] The Court notes that, in his Complaint, Mr. Fitch's sole jurisdictional allegations stem from the FTCA claim. However, should the United States not continue as a party, the Court would need a separate basis for jurisdiction. Otherwise, without additional averments following the Mr. Fitch's amendment deadline, the Court will dismiss the case under its sua sponte authority to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).